IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL SECURE REGISTRY, LLC, <br><br> Defendant. | C.A. No. 20-_____ |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT**

Plaintiff Apple Inc. ("Apple") files this Complaint for Declaratory Judgment of Noninfringement against Defendant Universal Secure Registry, LLC ("USR") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment of noninfringement arising under the patent laws of the United States, Title 35 of the United States Code.

2. Apple is a California corporation with its principal place of business at One Apple Park Way, Cupertino, California 95014.  Apple designs, manufactures, and markets mobile communication and media devices and personal computers, and sells a variety of related software, services, accessories, networking solutions, and third-party digital content and applications.

3. Apple's many pioneering and revolutionary products spanning its history include the Macintosh PC (first released in 1984), PowerBook (first released in 1991), Newton (first released in 1993), PowerMac (first released in 1994), iMac (first released in 1998), iPod (first released in 2001), iTunes Store (opened in 2003), MacBook (first released in 2006), iPhone and

1

Apple TV (first released in 2007), Apple App Store (opened in 2008), Siri (first released in 2010), iPad (first released in 2010), Apple Pay (first released in 2014), Apple Watch (first released in 2015), and AirPods (first released in 2016).

4. The United States Patent and Trademark Office has awarded Apple thousands of patents protecting the technological inventions underlying Apple's groundbreaking products and services. Many well-known functionalities and features of Apple's products were made possible with the inventions of Apple engineers.

5. Defendant USR is a patent holding company focused on patent licensing. USR purports to be the owner of U.S. Patent Nos. 9,947,000 ("'000 patent"), 9,928,495 ("'495 patent"), and 10,163,103 ("'103 patent") (collectively, "the Asserted Patents"). The Chairman and CEO of USR is Kenneth Weiss. Mr. Weiss is a named inventor on the Asserted Patents.

6. Apple does not infringe the Asserted Patents, as set forth below.

7. USR's actions and statements have created a real and substantial controversy that warrants issuance of a declaratory judgment of noninfringement concerning whether Apple infringes the Asserted Patents.

8. This Court should not allow the imminent threat of a lawsuit to harm and cause uncertainty to Apple's business.

## **PRIOR RELATED PROCEEDING**

9. On May 21, 2017, USR filed a complaint for patent infringement against Apple, Visa Inc., and Visa U.S.A. Inc. (collectively, "Visa") styled *Universal Secure Registry LLC v. Apple Inc., et al.*, Case No. 17-585-CFC-SRF ("17-585 Case"). The four patents-in-suit in the 17-585 Case, U.S. Patent Nos. 8,577,813 ("'813 patent"), 8,856,539 ("'539 patent"), 9,100,826 ("'826 patent"), and 9,530,137 ("'137 patent") (collectively, the "17-585 Case Patents"), are all related to one or more of the Asserted Patents in this action for declaratory judgment. The Complaint in the 17-585 Case is attached to this Complaint as Exhibit A.

10. The products accused of infringement in the 17-585 Case included Apple Products that are capable of using Apple Pay or conducting transactions through Apple's iTunes software, including iPhones, and iPads (collectively "Accused Apple Products").[1]

11. The present case is related to the 17-585 Case pursuant to District of Delaware LR 3.1(b)(1) and (2).

12. On August 25, 2017, Apple and Visa moved to dismiss the 17-585 Case under Fed. R. Civ. P. 12(b)(6). Apple and Visa's motion argued that the 17-585 Case Patents were invalid for failure to claim patent-eligible subject matter under 35 U.S.C. § 101.

13. On June 29, 2018, USR's counsel sent a letter to Apple stating that USR "intend[ed] to move to add" the Asserted Patents to the 17-585 Case. That letter is attached to this Complaint as Exhibit B. USR's counsel further affirmed USR's intent to add the Asserted Patents to the 17-585 Case in a letter dated July 23, 2018. In that same letter, USR's counsel expressed USR's intent to serve infringement claim charts on Apple. That letter is attached as Exhibit C.

14. In October 2018, the 17-585 Case was stayed until the Patent Trial and Appeal Board issued final written decisions in post-grant proceedings relating to the 17-585 Case Patents filed in the United States Patent and Trademark Office. The stay concluded in January 2020, after the last of the final written decisions in those post-grant proceedings issued.

15. On June 19, 2020, USR's counsel sent an e-mail to Apple stating that "USR does not intend to move to add new patents" to the 17-585 Case, but that "USR reserves the right to assert additional patents (including patents that issued after the filing date of the complaint in this action) in future cases." A copy of that e-mail is attached as Exhibit D.

16. On June 30, 2020, Judge Connolly issued a Memorandum Opinion and accompanying Order granting Apple and Visa's motion to dismiss the complaint in the 17-585

---

[1] The specific Apple Products accused of infringement in the 17-585 Case include at least the products USR identified in its May 3, 2018 Initial Identification of Accused Products and Asserted Patents. On information and belief, USR intends to assert infringement by additional products as well (including, but not limited to newer models and/or versions of these products).

Case under Fed. R. Civ. P. 12(b)(6). Judge Connolly's Memorandum Opinion and accompanying Order ruled that all four of the 17-585 Case Patents were invalid under 35 U.S.C. § 101, dismissed the complaint in the 17-585 Case with prejudice, and directed the case to be closed. *See* 17-585 Case, D.I. 168.

## THE PARTIES

17. Apple is a California corporation having its principal place of business at One Apple Park Way, Cupertino, California 95014.

18. On information and belief, USR is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business at 59 Sargent St. in Newton, Massachusetts 02458.

## JURISDICTION AND VENUE

19. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

20. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), because, on information and belief, USR has directed acts to this District, including acts pertaining to the Asserted Patents.

21. For instance, in connection with USR's business, USR has targeted Apple by asserting infringement of the Asserted Patents as well as other related patents. In particular, USR filed the 17-585 Case in this District alleging infringement by Apple and Visa of patents in the same family as the Asserted Patents.

22. During the 17-585 Case, USR sent correspondence to Apple indicating USR's intent to assert the Asserted Patents either in the 17-585 Case or in some future case. *See* Ex. B-D.

23. USR has also retained the law firm of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), including lawyers based in this District, to pursue its infringement

allegations against Apple.  On information and belief, Morris Nichols attorneys in this District were and are responsible for managing various aspects of the 17-585 Case, including by drafting and filing pleadings, motions, correspondence, and other litigation tasks.

24. On information and belief, Kenneth P. Weiss, the Chief Executive Officer of USR, traveled to this District to attend a hearing relating to Apple and Visa's motion to dismiss in the 17-585 Case.

25. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred or arose out of litigation occurring in this District and USR has voluntarily subjected itself to the Court's personal jurisdiction with respect to the 17-585 Case.

26. For these and the reasons set forth below, a substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

27. USR's actions and allegations, outlined above, have placed a strain on Apple's business and its personnel.  USR's present threat to file "future cases" against Apple casts further uncertainty on Apple's business.  *See* Ex. D.

## THE ASSERTED PATENTS

28. On April 17, 2018, the United States Patent and Trademark Office (the "Patent Office") issued the '000 patent.  A true and correct copy of the '000 patent is attached as Exhibit E.

29. On information and belief, Defendant USR purports to be the owner of the '000 patent by assignment.  The '000 patent lists Kenneth P. Weiss as the sole named inventor and lists Defendant Universal Secure Registry LLC as the Applicant.

30. As of the filing of this Complaint, no assignment of ownership had been specifically recorded against the '000 patent in the Patent Office's Patent Assignment Database.

31. On March 27, 2018, the Patent Office issued the '495 patent.  A true and correct copy of the '495 patent is attached as Exhibit F.

32. On information and belief, Defendant USR purports to be the owner of the '495 patent by assignment. The '495 patent lists Kenneth P. Weiss as the sole named inventor and lists Defendant Universal Secure Registry LLC as the Applicant.

33. As of the filing of this Complaint, no assignment of ownership had been specifically recorded against the '495 patent in the Patent Office's Patent Assignment Database.

34. On December 25, 2018, the Patent Office issued the '103 patent. A true and correct copy of the '103 patent is attached as Exhibit G.

35. On information and belief, USR purports to be the owner of the '103 patent by assignment. The '103 patent lists Kenneth P. Weiss as the sole named inventor and lists Defendant Universal Secure Registry LLC as the Applicant.

36. As noted above, in 2018, counsel for Defendant USR informed Apple that USR intended to move for leave to amend the complaint in the 17-585 Case (where Defendant USR is the sole Plaintiff) to assert infringement of the '000, '495, and '103 patents. *See* Ex. B-C. USR later indicated in correspondence that USR reserved the right to bring a future lawsuit alleging infringement of the '000, '495, and '103 patents. *See* Ex. D.

## COUNT ONE

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,947,000)**

37. Apple repeats and realleges Paragraphs 1 through 36 of this Complaint.

38. Apple has not infringed and does not infringe at least claim 22 of the '000 patent, directly, contributorily, or by inducement, literally or under the doctrine of equivalents, individually or jointly, including through the making, use, importation into the United States, sale, and/or offer for sale of the Accused Apple Products.

39. Claim 22 of the '000 patent is directed to:

> A method for enabling a transaction involving a first party and a user, the method comprising:
>
> receiving authentication information of the user, wherein the authentication information comprises one or more of (a) biometric information and (b) a PIN or code;

>authenticating an identity of the user based on the received authentication information;
>
>generating a one-time code in response to authenticating the user, wherein at least a portion of the one-time code is used to access account identifying information or user identifying information;
>
>communicating a signal comprising the one-time code to the first party in order to enable a transaction on behalf of the user;
>
>receiving, at the first party, the one-time code; and
>
>in response to receiving the one-time code, accessing the account identifying information or the user identifying information.

40. Apple does not infringe at least claim 22 of the '000 patent because neither Apple nor the Accused Apple Products in operation perform all the limitations required by claim 22.

41. As one example, claim 22 requires "authenticating an identity of the user." Neither Apple nor the Accused Apple Products in operation "authenticate" an "identity of the user," as those terms are used in the '000 patent.

42. As a second independent example, claim 22 requires "in response to receiving the one-time code, accessing the account identifying information or the user identifying information." The Accused Apple Products do not "retrieve" or "access" "account identifying information" or "user identifying information" that is "associated with the user of the electronic device" in "response to receiving" a "one-time code," as those terms are used in the '000 patent. Nor does Apple direct or control or operate a joint enterprise with any other entity that retrieves or accesses this information in response to receiving a one-time code.

43. Accordingly, at least for the above reasons, the Accused Apple Products do not infringe claim 22 of the '000 patent, either literally or under the doctrine of equivalents.

44. Apple also does not induce infringement of the '000 patent, or otherwise indirectly infringe the '000 patent, because neither Apple nor the Accused Apple Products in

7

operation directly infringe the '000 patent for at least the reasons stated above and because Apple has not acted with specific intent necessary for induced infringement.

45. Apple also does not contributorily infringe at least claim 22 of the '000 patent because there is no direct infringement for at least the reasons stated above and because the Accused Apple Products have substantial non-infringing uses.

46. Apple also does not jointly infringe at least claim 22 of the '000 patent in conjunction with any other party at least because it does not operate any joint enterprise with or direct and control the acts of any third party merchant, payment network operator, or bank.

47. Apple does not infringe the remaining claims of the '000 patent for at least one or more of the above reasons.

48. As set forth above, there exists an actual controversy between Apple and USR with respect to alleged infringement of the '000 patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the '000 patent is infringed. Accordingly, Apple is entitled to a judicial determination and declaration that it has not directly infringed, induced others to infringe, or contributed to the infringement of any claim of the '000 patent.

49. A judicial determination is necessary and appropriate so that Apple may ascertain its rights regarding the claims of the '000 patent.

## COUNT TWO

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,928,495)**

50. Apple repeats and realleges Paragraphs 1 through 49 of this Complaint.

51. Apple has not infringed and does not infringe at least claim 8 of the '495 patent, directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through its making, use, importation into the United States, sale, and/or offer for sale of the Accused Apple Products.

52. Claim 8 of the '495 patent is directed to:

> A method for enabling a transaction involving a first party and a user, the method comprising:
>
> receiving authentication information of the user, wherein the authentication information comprises one or more of (a) biometric information and (b) a personal identification number (PIN) or code;
>
> authenticating an identity of the user based on the received authentication information;
>
> generating a one-time code in response to authenticating the user, wherein at least a portion of the one-time code is used to access account identifying information or user identifying information; and communicating a signal comprising the one-time code to the first party in order to enable a transaction on behalf of the user.

53. Apple does not infringe at least claim 8 of the '495 patent because neither Apple nor the Accused Apple Products in operation perform every limitation required by claim 8. As one example, claim 8 requires "authenticating an identity of the user." The Accused Apple Products do not "authenticate" any specific "user," as those terms are used in the '495 patent.

54. As a second independent example, claim 8 requires "a portion of the one-time code is used to access account identifying information or user identifying information." Neither Apple nor the Accused Apple Products in operation "use" any "one-time code…to access account identifying information or user identifying information" as those terms are used in the '495 patent. Nor does Apple direct or control or operate a joint enterprise with any other entity that "use[s]" any "account identifying information or user identifying information" as required by claim 8.

55. Accordingly, at least for the above reasons, the Accused Apple Products do not infringe claim 8 of the '495 patent, either literally or under the doctrine of equivalents.

56. Apple also does not induce infringement of the '495 patent, or otherwise indirectly infringe the '495 patent, because neither Apple nor the Accused Apple Products in operation directly infringes the '495 patent for at least the reasons stated above and because Apple has not acted with specific intent necessary for induced infringement.

57. Apple also does not contributorily infringe at least claim 8 of the '495 patent because there is no direct infringement for at least the reasons stated above and because the Accused Apple Products have substantial non-infringing uses.

58. Apple also does not jointly infringe at least claim 8 of the '495 patent in conjunction with any other party at least because it does not operate any joint enterprise with or direct and control the acts of any claimed "first party," third party merchant, payment network operator or bank.

59. Apple does not infringe the remaining claims of the '495 patent for at least one or more of the above reasons.

60. As set forth above, there exists an actual controversy between Apple and USR with respect to alleged infringement of the '495 patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the '495 patent is infringed. Accordingly, Apple is entitled to a judicial determination and declaration that it has not directly infringed, induced others to infringe, or contributed to the infringement of any claim of the '495 patent.

61. A judicial determination is necessary and appropriate so that Apple may ascertain its rights regarding the claims of the '495 patent.

## COUNT THREE

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,163,103)**

62. Apple repeats and realleges Paragraphs 1 through 61 of this Complaint.

63. Apple has not infringed and does not infringe at least claim 1 of the '103 patent, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through its making, use, importation into the United States, sale, and/or offer for sale of the Accused Apple Products.

64. Claim 1 of the '103 patent is directed to:

> A system for authenticating a user for enabling a transaction, the system comprising:

>a first device including:
>
>a first processor, the first processor programmed to authenticate a user of the first device based on secret information known to the user of the first device and to generate first authentication information and also configured to receive first biometric information of the user of the first device from a biometric sensor and to retrieve information corresponding to previously stored second biometric information of the user of the first device;
>
>a first wireless transceiver coupled to the first processor and programmed to transmit a first wireless signal; and
>
>the biometric sensor configured to capture the first biometric information of the user of the first device; and
>
>wherein the first processor is programmed to generate the first wireless signal including two or more of the first authentication information, at least a portion of at least one of the first biometric information and the second biometric information, and a time varying value subsequent to generation of the first authentication information, to provide the first wireless signal for processing by a second device; and
>
>wherein the first processor is configured to receive an enablement signal indicating an approved transaction from the second device, wherein the enablement signal provided from the second device is based on one of the second device retrieving biometric information associated with the user of the first device from stored biometric information of a plurality of first users stored in a second memory of the second device and generating an indication of biometric authentication or the second device receiving the indication of biometric authentication associated with the user of the first device, and wherein the second device is also configured to use at least a portion of the first wireless signal with the indication of biometric authentication of the user of the first device to complete processing of the transaction, wherein processing of the transaction includes authentication of an identity of the user of the first device to enable the transaction.

65. Apple does not infringe at least claim 1 of the '103 patent because the Accused Apple Products lack every limitation required by claim 1. As one example, claim 1 requires a "first processor programmed to" both "authenticate a user of the first device based on secret information" and "generate the first wireless signal." The Accused Apple Products lack the "first processor" that is programmed to "authenticate a user of the first device based on secret information" and "generate the first wireless signal."

11

66. Separately and additionally, claim 1 requires the first processor to generate a "first wireless signal including two or more of the first authentication information, at least a portion of at least one of the first biometric information and the second biometric information, and a time varying value subsequent to generation of the first authentication information." The Accused Apple Products do not generate a signal that meets the requirements of this claim limitation.

67. As a third independent example, claim 1 requires the first processor to be "programmed to … retrieve information corresponding to previously stored second biometric information of the user of the first device." But the Accused Apple Products do not store any "second biometric information of the user" or "retrieve" any information "corresponding to" any such stored biometric information as those terms are used in the '103 patent. Therefore, the Accused Apple Products cannot meet the claim limitation.

68. Finally, to the extent claim 1 requires a "second device" that must be configured to, for example, "use at least a portion of the first wireless signal with the indication of biometric authentication of the user of the first device to complete processing of the transaction," the Accused Apple Products do not comprise a "second device." Further, the Accused Apple Products do not "use" any "first wireless signal with the indication of biometric authentication of the user of the first device to complete processing of the transaction." Nor does Apple direct or control or operate a joint enterprise with any other entity that "use[s]" any "first wireless signal" as required by claim 1.

69. Accordingly, at least for the above reasons, the Accused Apple Products do not infringe claim 1 of the '103 patent, either literally or under the doctrine of equivalents.

70. Apple also does not induce infringement of the '103 patent, or otherwise indirectly infringe the '103 patent, because there is no direct infringement of the '103 patent for at least the reasons stated above and because Apple has not acted with specific intent necessary for induced infringement.

71. Apple also does not contributorily infringe at least claim 1 of the '103 patent because there is no direct infringement for at least the reasons stated above and because the

12

Accused Apple Products have substantial non-infringing uses, many of which do not involve Apple Pay or conducting transactions.

72. Apple also does not jointly infringe at least claim 1 of the '103 patent in conjunction with any other party at least because it does not operate any joint enterprise with or direct and control the acts of any third party merchant, payment network operator or bank.

73. Apple does not infringe the remaining claims of the '103 patent for at least one or more of the above reasons.

74. As set forth above, there exists an actual controversy between Apple and Defendant with respect to alleged infringement of the '103 patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the '103 patent is infringed. Accordingly, Apple is entitled to a judicial determination and declaration that it has not directly infringed, induced others to infringe, or contributed to the infringement of any claim of the '103 patent.

75. A judicial determination is necessary and appropriate so that Apple may ascertain its rights regarding the claims of the '103 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Apple respectfully requests that judgment be entered:

A. Declaring that Apple has not and does not infringe, directly, contributorily, by inducement, literally or by equivalents, jointly, or willfully, any claim of the '000, '495, or '103 patents by making, using, selling, offering to sell, and/or importing of the Accused Apple Products;

B. If the facts demonstrate that the case is exceptional within the meaning of 35 U.S.C. § 285, an award to Apple of its reasonable attorneys' fees, expenses, and costs associated with this case;

C. Awarding Apple any other remedy or relief to which it may be entitled and which the Court deems just, proper, and equitable.

| | |
|---|---|
| OF COUNSEL: | */s/ Frederick L. Cottrell, III* |
| | Frederick L. Cottrell, III (#2555) |
| Mark D. Selwyn | Jason J. Rawnsley (#5379) |
| Liv Herriot | RICHARDS, LAYTON & FINGER, P.A. |
| WILMER CUTLER PICKERING | 920 North King Street |
|  HALE AND DORR LLP | Wilmington, DE 19801 |
| 950 Page Mill Road | (302) 651-7700 |
| Palo Alto, CA 94304 | cottrell@rlf.com |
| (650) 858-6000 | rawnsley@rlf.com |
| | |
| Monica Grewal | *Attorneys for Plaintiff Apple Inc.* |
| WILMER CUTLER PICKERING | |
|  HALE AND DORR LLP | |
| 60 State Street | |
| Boston, MA  02109 | |
| (202) 663-6000 | |

Derek A. Gosma
WILMER CUTLER PICKERING
 HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
(213) 443-5300

Dated:  July 2, 2020